IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BRUCE TURNER,

    Petitioner,

vs.                               No. 11-2254-STA-dkv

DAVID MILLS,

    Respondent.

ORDER DENYING RESPONDENT'S MOTION TO DISMISS
AND
SECOND ORDER FOR RESPONDENT TO FILE RECORD AND TO RESPOND

On March 1, 2011, Petitioner Bruce Turner, Tennessee Department of Correction prisoner number 477854, who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.)[1] On April 4, 2011, Petitioner filed a petition pursuant to 28 U.S.C. § 2241, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) Then-United States District Judge Bernice B. Donald granted leave to proceed in forma pauperis on April 19, 2011. (ECF No. 6.) Judge Donald issued an order on May 3, 2011, that, inter alia, stated that Petitioner's claims properly arise

---

[1] That petition was originally docketed in a civil case filed by Turner. By order dated April 6, 2011, Senior United States District Judge James D. Todd directed that it be filed in the instant case. (ECF No. 3.)

under 28 U.S.C. § 2254, identified the operative pleading in this case, and directed Respondent to file the state-court record and a response to the petition. (ECF No. 7.) On May 31, 2011, Respondent filed a Motion to Dismiss the petition, accompanied by a supporting memorandum. (ECF Nos. 9 & 10.)[2] Petitioner has not responded to the motion, and the time for a response has expired.[3]

In his Motion to Dismiss, Respondent argues that, "[b]ecause Turner did not seek a direct appeal and is still within his time to file a petition for post-conviction relief, his federal habeas petition is premature and should be dismissed for failure to exhaust state remedies." (ECF No. 10 at 2.) According to Respondent, Petitioner was sentenced on October 26, 2010. (Id. at 3.)

Ordinarily, a federal habeas court must examine the complete state-court record. See, e.g., Nash v. Eberlin, 437 F.3d 519, 523-25 (6th Cir. 2006); Adams v. Holland, 330 F.3d 398, 406 (6th Cir. 2003). This obligation arises even when the petition, on its face, suggests that a habeas petitioner has not exhausted his

---

[2] Respondent did not file any portion of the state-court record, stating that no such record exists because Petitioner did not appeal. (ECF No. 2 at 1.) Although there is no appellate record, Respondent was required to file the Criminal Court file and docket report.

[3] Because the motion was not mailed to Petitioner's address of record, Judge Donald issued an order on October 7, 2011, directing Respondent to serve the motion on Petitioner and file a new certificate of service and extending Petitioner's time to respond. (ECF No. 13.) After two more orders directing Respondent to comply (ECF Nos. 14 & 17), Respondent filed a corrected certificate of service on December 27, 2011, reflecting that Petitioner had been served with the motion on October 13, 2011. (ECF No. 19.) The case was reassigned to this judge on December 29, 2011. (ECF No. 19.)

claims in state court. <u>Williams v. Mills</u>, No. 05-6538 (6th Cir. Feb. 5, 2007). In this case, Respondent did not file any portion of the state-court record.

Moreover, even if it were assumed that Respondent had properly supported every fact in his motion to dismiss, it appears that the time for Petitioner to file a post-conviction petition has now expired. Under those circumstances, a dismissal without prejudice would not appear to be appropriate. Therefore, Respondent's motion to dismiss is DENIED without prejudice to his right to file a properly supported motion.

It is ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that Respondent file a response to the petition within twenty-three (23) days. The response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within thirty (30) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the petition or

motion after the expiration of Petitioner's time to reply, as extended.

IT IS SO ORDERED this 8th day of February, 2012.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE