```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| BRUCE TURNER, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 11-2254-STA-dkv |
| DAVID MILLS, | ) ) ) | |
| Respondent. | ) ) | |

```
     ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
            ORDER DENYING WITHOUT PREJUDICE
         PETITION PURSUANT TO 28 U.S.C. § 2254
      ORDER DENYING MOTION TO REMOVE STATE-COURT APPEAL
         ORDER DENYING CERTIFICATE OF APPEALABILITY
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                           AND
   ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
```

On March 1, 2011, Petitioner Bruce Turner, Tennessee Department of Correction prisoner number 477854, who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.)[1] On April 4, 2011, Petitioner filed a petition pursuant to 28 U.S.C. § 2241, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) Then-United States District Judge Bernice B.

---

[1] That petition was originally docketed in a civil case filed by Turner. By order dated April 6, 2011, Senior United States District Judge James D. Todd directed that it be filed in the instant case. (ECF No. 3.)

Donald granted leave to proceed in forma pauperis on April 19, 2011. (ECF No. 6.) Judge Donald issued an order on May 3, 2011, that, inter alia, stated that Petitioner's claims properly arise under 28 U.S.C. § 2254, identified the operative pleading in this case, and directed Respondent to file the state-court record and a response to the petition. (ECF No. 7.) On May 31, 2011, Respondent filed a Motion to Dismiss the petition, accompanied by a supporting memorandum. (ECF Nos. 9 & 10.) Petitioner did not respond to the motion. The Court issued an order on February 8, 2012, denying Respondent's motion to dismiss without prejudice and directing him, for the second time, to file the state-court record and a response to the petition. (ECF No. 20.)

On February 24, 2012, Respondent filed a second Motion to Dismiss, accompanied by the state-court record. (ECF No. 21.) On March 15, 2012, Petitioner filed his response to the motion to dismiss (ECF No. 22) and an Application to Remove Pending State Court Proceedings (ECF No. 23). Respondent did not respond to that motion.

I.   STATE COURT PROCEDURAL HISTORY

On June 4, 2009, a grand jury sitting in Shelby County, Tennessee, indicted Turner for the crime of rape of a child. The case proceeded to trial in the Shelby County Criminal Court and, on September 22, 2010, the jury returned a guilty verdict. On October 26, 2010, Turner was sentenced to a term of imprisonment of twenty-

five (25) years.[2] Turner's direct appeal is pending before the Tennessee Court of Criminal Appeals.[3]

II.  PETITIONER'S FEDERAL HABEAS CLAIMS

In this § 2254 petition, Turner raises the following issues:

1. Whether the State knowingly presented perjured testimony at trial;

2. Whether his rights under the Fourteenth Amendment Equal Protection Clause have been violated by imposition of an excessive sentence and by failing to hold a preliminary hearing; and

3. Whether trial and appellate counsel rendered ineffective assistance, in violation of the Sixth Amendment.

(ECF No. 4 at 5-9.)[4]

III. THE MERITS OF PETITIONER'S CLAIMS

Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has

---

[2]  ECF No. 1 at 1; Br. of Appellant at 2, State v. Turner, C.C.A. W2010-02513-CCA-R3-CD (Tenn. Crim. App. June 1, 2011), ECF No. 21-3.

[3]  See ECF No. 21-2.

The Court notes that, in its first motion to dismiss, which did not include any portion of the state-court record, Respondent represented that Petitioner did not take a direct appeal. (See ECF No. 10 at 3 ("Turner did not seek a direct appeal on his child rape conviction.").) In his legal memorandum in support of his most recent motion to dismiss, counsel for Respondent states that, when the initial motion to dismiss was filed, counsel was unaware that Petitioner had filed a direct appeal. (ECF No. 21-1 at 2.)

[4]  The form petition also purports to raise a fourth issue, titled "Post-Conviction Relief Hearing," but no factual basis for this issue has been presented. Instead, the form petition cites various judicial decisions. (ECF No. 4 at 10.) Turner has not filed a state post-conviction petition.

exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 79 L. Ed. 2d 557 (2011). The petitioner must "fairly present"[5] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 837, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003); see Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes that court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

---

[5] For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (per curiam). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996).

4

In this case, Respondent has moved to dismiss the petition because Turner has failed to exhaust his claims in state court. (ECF No. 21.) According to Respondent, "Turner's direct appeal is currently pending before the Tennessee Court of Criminal Appeals and upon the release of the Court's opinion, Turner will have an opportunity to file a petition for post-conviction relief." (ECF No. 21-1 at 3.) In response, Turner says that he was unaware that his attorney had filed a direct appeal (ECF No. 22 at 2), and he urges the Court to remove his pending direct appeal (ECF No. 23). Turner overlooks the fact that exhaustion of the issues presented in a § 2254 petition is mandatory. Even Petitioner's claim that his appellate counsel failed to communicate with him and filed an appeal without his knowledge must be exhausted. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92, 146 L. Ed. 2d 518 (2000). Thus, before bringing a § 2254 petition, Turner must raise the issues he seeks to present to this Court on direct appeal or in a state-postconviction petition.

Because Petitioner has not exhausted the claims presented in his petition, the Court GRANTS Respondent's motion to dismiss. The motion to remove the state-court appeal is DENIED. The petition is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered for Respondent.

IV.  APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Section 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.44, 103 S. Ct. 3383, 3394 n.4, 77 L. Ed. 2d 1090 (1983)); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F.

App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that the claims presented in the petition have not been exhausted in state court. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in

this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[6]

       IT IS SO ORDERED this 14th day of June, 2012.


                                       **s/ S. Thomas Anderson**
                                       S. THOMAS ANDERSON
                                       UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).